UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11860-RGS

LUIS DIAZ

v.

MILAGROS PEREZ, et al.

ORDER ON PENDING MOTIONS AND TO REOPEN

February 21, 2017

STEARNS, D.J.

For the reasons stated below, the case will be reopened *sua sponte*. Plaintiff's motion for recusal is denied and the motions for copy of the complaint and for amendment are allowed. Plaintiff shall have additional time either to supplement his amended complaint or file a second amended complaint.

BACKGROUND

On September 12, 2016, Plaintiff Luis Diaz ("Diaz"), while a pre-trial detainee at MCI – Cedar Junction, filed an eighteen-page, handwritten complaint accompanied by an Application to Proceed Without Prepayment of Fees. By Memorandum and Order dated November 21, 2016, the Court allowed plaintiff's Application to Proceed Without Prepayment of Fees,

denied his motion to appoint counsel or a guardian and directed plaintiff to file an amended complaint by January 2, 2017.

On January 4, 2017, after no response was filed, an order of dismissal was entered. On January 6, 2017, two days after dismissal, plaintiff's amended complaint was filed. While the amended complaint was pending on the docket, Diaz filed a Notice of Appeal stating that he filed a timely amended complaint. On February 2, 2017, the Court issued a notice of intent to vacate the dismissal and to reopen the case. In response to the Court's notice of intent, the United States Court of Appeals for the First Circuit remanded the matter.

Now before the Court are plaintiff's motions for (1) copy of the original complaint; (2) amendment of the amended complaint; and (3) recusal.

## DISCUSSION

The Court recognizes that this case was closed in error[1] and will direct the Clerk to reopen this matter. In the pending motions, Diaz seeks, among other things, copies of his original complaint, amended complaint and "all evidence [he submitted in] his attempt to file a sufficient complaint." *See*

---

[1] Under the prison mailbox rule, pleadings submitted by incarcerated pro se prisoners are deemed to be filed on the date that they are delivered to prison officials for mailing. *Casanova v. Dubois*, 304 F.3d 75, 79 (1st Cir.2002) (stating that "the filing date for purposes of assessing compliance with the statute of limitations will be the date on which the prisoner commits the mail to the custody of prison authorities").

Docket No. 25. Diaz states that he rushed to submit his amended complaint and was prejudiced by his lack of access to his property, including his legal documents. *See* Docket No. 26. Diaz asserts that he "should have been allowed to amend his complaint with all the pertinent documents never given to him because of [judicial indifference]." Diaz again seeks appointment of counsel and/or a guardian ad litem. *Id.*

Although the Court will not conduct a Rule 17 hearing or appoint counsel for Diaz at this time, Diaz will be provided an opportunity either to file a supplement or a second amended complaint that complies with both the directives of the November 21, 2016 Memorandum and Order (Docket No. 8) as well as the basic pleading requirements of the Federal Rules of Civil Procedure. The filing of amended and supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. As an amended complaint completely supersedes an earlier-filed complaint, *see Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011) (citation omitted), Diaz should repeat in a second amended complaint any allegations from his earlier complaints that he wishes to be part of an operative second amended complaint. The Clerk will be directed to provide Diaz with copies of his original and amended complaints as well as the Court's November 21, 2016 Memorandum and Order.

Finally, Diaz seeks recusal pursuant to 28 U.S.C. § 455(a) asserting that he "objects to the [denial of] appointment of an attorney" and that he has "lost faith in the judge after his rushfull (sic) decision to dismiss the case while ignoring the evidence of interference." Section 455(a) requires that a judge "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a); *United States v. Sampson*, 148 F. Supp. 3d 75, 79 (D. Mass. 2015). Under § 455(a), "a judge has a duty to recuse himself if his impartiality can reasonably be questioned; but otherwise, he has a duty to sit." *United States v. Snyder*, 235 F.3d 42, 46 (1st Cir. 2000). "[J]udges are not to recuse themselves lightly under § 455(a)." *Id.* at 45. Recusal is not warranted "[w]here ... the charge of bias reflects nothing more than 'dissatisfaction with a Court's rulings and case management.'" *United States v. Dembrowski*, 2011 WL 8335172, at *3 (D. Mass. July 19, 2011) (quoting *Fideicomiso De La Tierra del Cano Martin Pena v. Fortuno*, 631 F. Supp. 2d 134, 137 (D.P.R. 2009)).

Here, plaintiff's motion must be denied because he has made no showing impartiality. Because the alleged grounds for recusal are primarily based upon his disagreement with the Court's rulings, he failed to state a sufficient basis for recusal. *Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or

4

partiality motion.... Almost invariably, they are proper grounds for appeal, not for recusal."); *accord In re Boston's Children First*, 244 F.3d 164, 168 n. 7 (1st Cir. 2001) (party's disagreement with trial judge over adverse rulings are almost invariably proper grounds for appeal, not recusal, even when the judicial rulings in question may be erroneous); *Obert v. Republic W. Ins. Co.*, 190 F. Supp. 2d 279, 295 (D. R.I. 2002) (party's disagreement with the judge over the law is not grounds for disqualification) (citations omitted). Thus, plaintiff's motion will be denied.

## ORDER

ACCORDINGLY, for the reasons stated above, it is hereby ORDERED that:

(1) The Clerk is directed to reopen this action;

(2) Plaintiff's motion (Docket No. 24) for recusal is denied;

(3) Plaintiff's motions (Docket Nos. 25, 26) are allowed to the extent that Diaz seeks copies of the relevant pleadings as well as additional time either to supplement his amended complaint or file a second amended complaint; and

(4) Within 42 days of the date of this Order, plaintiff may file a supplement to his amended complaint or a second amended complaint that complies with the directives of the November 21, 2016 Memorandum and

Order (Docket No. 8). Failure to comply with the directives of this Order will result in the screening of Diaz' amended complaint (Docket No. 12) pursuant to 28 U.S.C. §§ 1915(e)(2); 1915A(b)(1),(2).

SO ORDERED.

 /s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE