UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 16-11860-RGS

LUIS DIAZ

v.

MILAGROS PEREZ, et al.

MEMORANDUM AND ORDER

October 4, 2017

STEARNS, D.J.

Plaintiff Luis Diaz initiated this civil rights action while a pre-trial detainee at MCI – Cedar Junction. In a Memorandum and Order dated November 21, 2016, the Court directed Diaz to file an amended complaint explaining that the Court lacked jurisdiction over some of his claims and that certain allegations in his complaint failed to state claims upon which relief could be granted.

After no response was filed, this case was dismissed on January 4, 2017. Two days after dismissal, on January 6, 2017, Diaz' amended complaint was filed. While the amended complaint was pending on the docket, Diaz filed a Notice of Appeal. On February 2, 2017, the Court issued a notice of intent to vacate the dismissal and to reopen the case. In response

to the Court's notice of intent, the United States Court of Appeals for the First Circuit remanded the matter.

Now before the court are Diaz' Amended Complaint (Docket No. 12) and Supplemental Complaint (Docket No. 35). Diaz has also submitted an affidavit (Docket No. 38). Because Diaz is proceeding *pro se*, the court reads the amended and supplemental complaints with "an extra degree of solicitude." <u>Rodi v. Ventetuolo</u>, 941 F.2d 22, 23 (1st Cir. 1991); <u>see also</u> <u>Strahan v. Coxe</u>, 127 F.3d 155, 158 n. 1 (1st Cir. 1997) (noting obligation to construe <u>pro</u> <u>se</u> pleadings liberally) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, even under a generous reading, this action is subject to dismissal as the Amended Complaint and Supplemental Complaint simply restate the allegations in Diaz's original complaint. While Diaz's Supplemental Complaint adds allegations that certain correctional officers' subtly interfered with this litigation by using a pretext to return plaintiff's legal mail to him rather than deliver it as addressed (Diaz contends that this allegation exposes "the continued illegal alliance with the Federal Government and its [informants]."), it lacks any actionable elements. <u>See</u> Docket No. 35, p. 2.

Plaintiff's affidavit, Docket No. 38, is written with the case caption for his 2013 criminal action in Suffolk Superior Court. In the affidavit, Diaz asks

to be permitted to address the Court in person. The affidavit then repeats allegations found in his original, amended, and supplemental complaints.

After reviewing Diaz' amended complaint, supplemental complaint and affidavit, the Court concludes that he has failed to demonstrate cause why this action should not be dismissed.

## ORDER

For the foregoing reasons, and in accordance with this Court's order dated November 21, 2016, it is ORDERED that the within action be and it is hereby DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2); 1915A(b)(1),(2).

SO ORDERED.

　/s/ Richard G. Stearns　
UNITED STATES DISTRICT JUDGE